**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

BELINDA ROBERTSON,

      Plaintiff,

v.                                                                                          No. 2:26-cv-00676-KRS

CALE ROBERTSON,

      Defendant.

**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*
ORDER TO SHOW CAUSE REGARDING COMPLAINT AND
ORDER TO SHOW CAUSE REGARDING NOTICE OF REMOVAL**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed March 5, 2026, ("Complaint"), Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed March 5, 2026 ("Application"), and Plaintiff's Notice of Removal, Doc. 4, filed March 5, 2026.

**Order Granting Application to Proceed *In Forma Pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended

for the benefit of those too poor to pay or give security for costs...."  *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and her average monthly income amount during the past 12 months is $0.00. The Court finds that Plaintiff is unable to pay the costs of this proceeding because Plaintiff signed an affidavit stating she is unable to pay the costs of this proceeding and Plaintiff has no income.

**Order to Show Cause Regarding Complaint**

Plaintiff filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983."  Plaintiff Belinda Robertson is also the plaintiff in a state-court case that she filed against her husband Defendant Cale Robertson.  *See* Complaint at 4.  Plaintiff asserts claims for violations of her First and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 and claims pursuant to state law.  *See* Complaint at 2-3.  Plaintiff has also filed a Notice of Removal of the state-court case which the Court addresses below.

The Court has identified the following deficiency, and orders Plaintiff to show cause why the Court should not dismiss her claims pursuant to 42 U.S.C. § 1983.  *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P.  72(a)).

2

The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983.  "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016).  There are no allegations showing that Defendant Cale Robertson was acting under color of state law.  In addition, the Complaint contains conclusory allegations that Defendant violated Plaintiff's civil rights but does not clearly explain which rights Plaintiff believes Defendant violated.  *See* Complaint at 2-3.

If Plaintiff asserts the Court should not dismiss her claims pursuant to 42 U.S.C. § 1983, Plaintiff must file an amended complaint.  The amended complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.  *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The amended complaint must also comply with the Federal and Local Rules of Civil Procedure.

**Service on Defendant**

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, which provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to show cause and file an amended complaint. The Court will address service after this Order to Show Cause is resolved.

**Order to Show Cause Regarding Notice of Removal**

Plaintiff filed a notice removing Case No. "D-307-DV-2021-00043" from the Third Judicial District Court, Dona Ana County, State of New Mexico.  The Notice of Removal and state-

court records indicate that Plaintiff in this case, Belinda Roberts, is also the plaintiff in the state case. *See* Complaint at 9, 11, 22; Petition for Order of Protection from Domestic Abuse, filed January 26, 2021, in *Belinda Robertson v. Cale Robertson*, No. D-307-DV-2021-00043, Third Judicial District Court, County of Dona Ana, State of New Mexico.

The removal statute provides that a *defendant* may remove a case to federal court. *See* 28 U.S.C. § 1441(a) ("any civil action brought in a State court ... may be removed by the defendant or the defendants").

> [P]laintiffs are not entitled to remove cases to federal court. *See Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643 (2d Cir. 1993) (per curiam) ("No section [of the United States Code] provides for removal by a plaintiff."); *see also* 14C Charles Alan Wright, et al., *Federal Practice and Procedure* § 3730 (Rev. 4th. ed. 2018) (stating that "plaintiffs cannot remove" cases to federal court).

*Robinson v. New Mexico*, Order and Judgment at 2, No. 18-2179 (10th Cir. June 28, 2019); *see also Conner v. Salzinger*, 457 F.2d 1241, 1243 (3d Cir. 1972) ("It is settled that the cited removal statutes confine the right of removal from a state court to a federal district court to *a defendant or defendants*") (emphasis in original).

The Court orders Plaintiff to show cause why the Court should not remand *Robertson v. Robertson*, No. D-307-DV-2021-00043, to the Third Judicial District Court, County of Dona Ana, State of New Mexico.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

5

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)      Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed March 5, 2026, is **GRANTED.**

(ii)     Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss her claims pursuant to 42 U.S.C. § 1983; and (b) file an amended complaint.  Failure to timely show cause and file an amended complaint may result in dismissal of this case.

(iii)    Plaintiff shall, within 21 days of entry of this Order show cause why the Court should not remand *Robertson v. Robertson*, No. D-307-DV-2021-00043, to the Third Judicial District Court, County of Dona Ana, State of New Mexico.  Failure to timely show cause may result in remand of the removed case to state court.

IT IS SO ORDERED this 9th day of March, 2026.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

6