**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

BELINDA ROBERTSON,

      Plaintiff,

v.                                                                                    No. 2:26-cv-00676-KG-KRS

CALE ROBERTSON,

      Defendant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**
**AND ORDER OF REMAND**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed March 5, 2026 ("Complaint"), Plaintiff's Notice of Removal, Doc. 4, filed March 5, 2026, and Plaintiff's Amended Complain Show Cause Regarding Complain and Order Show Cause why the Court should not dismiss Pursuant to 42 U.S.C. Section 1983 [sic], Doc. 8, filed March 24, 2026 ("Amended Complaint").

**Order of Dismissal**

Plaintiff filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Plaintiff asserts claims for violations of her First and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 and claims pursuant to state law. *See* Complaint at 2-3. Plaintiff Belinda Robertson is also the plaintiff in a state-court case that she filed against her husband Defendant Cale Robertson. *See* Complaint at 4. Plaintiff removed the state-court case to this Court. *See* Notice of Removal.

United States Magistrate Judge Kevin R. Sweazea notified Plaintiff:

The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*,

> 814 F.3d 1151, 1155 (10th Cir. 2016).  There are no allegations showing that Defendant Cale Robertson was acting under color of state law.  The Complaint contains conclusory allegations that Defendant violated Plaintiff's civil rights but does not clearly explain which rights Plaintiff believes Defendant violated.  *See* Complaint at 2-3.

Order to Show Cause at 2-3, Doc. 6, filed March 9, 2026.  Judge Sweazea ordered Plaintiff to show cause why the Court should not dismiss her claims pursuant to 42 U.S.C. § 1983 and to file an amended complaint.  *See* Order to Show Cause at 6.

Plaintiff timely filed her Amended Complaint.  The Amended Complaint makes vague, conclusory allegations that Defendant conspired with state officials.  *See* Amended Complaint at 1 ("conspiracy"), at 2 ("Planned in Conspiracy with Attorneys in Record of case and People in case"), at 9 ("Conspiracy that cause violation of the rights under U.S.C & 1983" [sic]), at 13 ("with conspiracy"), at 17 ("with complicity of Defendant Cale Robertson").  Plaintiff also alleges that Defendant was "acting under color of the state" because Defendant "was approved [for] training in the New Mexico State Police" and "completed all steps necessaries to be accepted to New Mexico State Police Enforcement Academy this year 2025" [sic].  Amended Complaint at 9.

Plaintiff has not shown that Defendant was acting under color of state law.  While "allegations of a conspiracy may form the basis of a § 1983 claim, we have also held a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants because conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." *Brooks v. Gaenzle*, 614 F.3d 1213, 1227-28 (10th Cir. 2010).  Plaintiff has not alleged specific facts showing that Defendant and state officials agreed to deprive Plaintiff of her constitutional rights and acted in concert to advance that goal.  *See Bledsoe v. Carreno*, 53 F.4th 589, 609 (10th Cir. 2022) (To state a Section 1983 conspiracy claim, a plaintiff has to allege "specific facts showing an agreement [upon a common, unconstitutional goal], and concerted action [taken to advance that

goal"] among defendants").   Plaintiff also has not alleged any facts showing that Defendant's actions giving rise to this case occurred in his capacity as a New Mexico State Police Officer; the Amended Complaint alleges he was approved for training and accepted to the New Mexio State Police Academy but does not allege he was certified as a New Mexico State Police Officer.

The Court dismisses Plaintiff's civil rights claims pursuant to 42 U.S.C. § 1983 for failure to state a claim because Plaintiff has not stated allegations showing that Defendant was acting under color of state law.  The Court, having dismissed Plaintiff's federal law claims, declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses the Amended Complaint.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

**Order of Remand**

Plaintiff filed a Notice removing Case No. "D-307-DV-2021-00043" from the Third Judicial District Court, Dona Ana County, State of New Mexico.  The Notice of Removal and state-court records indicate that Plaintiff in this case, Belinda Roberts, is the *plaintiff* in the state case. *See* Complaint at 9, 11, 22; Petition for Order of Protection from Domestic Abuse, filed January 26, 2021, in *Belinda Robertson v. Cale Robertson*, No. D-307-DV-2021-00043, Third Judicial District Court, County of Dona Ana, State of New Mexico.

3

The removal statute provides that a *defendant* may remove a case to federal court. *See* 28 U.S.C. § 1441(a) ("any civil action brought in a State court ... may be removed by the defendant or the defendants").

> [P]laintiffs are not entitled to remove cases to federal court. *See Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643 (2d Cir. 1993) (per curiam) ("No section [of the United States Code] provides for removal by a plaintiff."); *see also* 14C Charles Alan Wright, et al., *Federal Practice and Procedure* § 3730 (Rev. 4th. ed. 2018) (stating that "plaintiffs cannot remove" cases to federal court).

*Robinson v. New Mexico*, Order and Judgment at 2, No. 18-2179 (10th Cir. June 28, 2019); *Conner v. Salzinger*, 457 F.2d 1241, 1243 (3d Cir. 1972) ("It is settled that the cited removal statutes confine the right of removal from a state court to a federal district court to *a defendant or defendants*") (emphasis in original).

Judge Sweazea ordered Plaintiff to show cause why the Court should not remand *Robertson v. Robertson*, No. D-307-DV-2021-00043, to the Third Judicial District Court, County of Dona Ana, State of New Mexico. *See* Order to Show Cause at 6 (notifying Plaintiff that failure to timely show cause may result in remand of the removed case to state court). Plaintiff indicates she did not receive fair treatment in the state-court case but has not cited any legal authority allowing a plaintiff to remove a case from state court to federal court. *See* Amended Complaint at 6, 12. The Court, therefore, remands *Robertson v. Robertson*, No. D-307-DV-2021-00043, to the Third Judicial District Court, County of Dona Ana, State of New Mexico.

**Conclusion**

The Court, having dismissed Plaintiff's Amended Complaint and having remanded *Robertson v. Robertson*, No. D-307-DV-2021-00043 to the Third Judicial District Court, County of Dona Ana, State of New Mexico, dismisses this case without prejudice.

**IT IS ORDERED** that:

(i)     Plaintiff's Amended Complain Show Cause Regarding Complain and Order Show

Cause why the Court should not dismiss Pursuant to 42 U.S.C. Section 1983 [sic],

Doc. 8, filed March 24, 2026, is **DISMISSED without prejudice.**

(ii)    *Robertson v. Robertson*, No. D-307-DV-2021-00043, is **REMANDED** to the Third

Judicial District Court, County of Dona Ana, State of New Mexico.

(iii)   This case is **DISMISSED without prejudice.**

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been
  electronically filed. To verify its
  authenticity, please refer to the Digital File
  Stamp on the NEF (Notice of Electronic
  Filing) accompanying this document.
  Electronically filed documents can be found
  on the Court's PACER public access system.

5