IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BELINDA ROBERTSON,

        Plaintiff,

v.                                          No. 2:26-cv-00676-KG-KRS

CALE ROBERTSON,

        Defendant.

### ORDER DENYING MOTION TO RECONSIDER

Plaintiff asserted claims for violations of her First and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 and claims pursuant to state law against her husband Defendant Cale Robertson. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed March 5, 2026 ("Complaint"). Plaintiff Belinda Robertson is also the *plaintiff* in a state-court case that she filed against her husband Defendant Cale Robertson. Plaintiff removed the state-court case to this Court. *See* Notice of Removal, Doc. 4, filed March 5, 2026.

United States Magistrate Judge Kevin R. Sweazea notified Plaintiff that the Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 because there are no allegations showing that Defendant Cale Robertson was acting under color of state law and ordered Plaintiff to file an amended complaint. *See* Order to Show Cause, Doc. 6, filed March 9, 2026. Judge Sweazea also notified Plaintiff that she improperly removed the state-court case and ordered Plaintiff to show cause why the Court should not remand *Robertson v. Robertson*, No. D-307-DV-2021-00043, to the Third Judicial District Court, County of Dona Ana, State of New Mexico. *See* Order to Show Cause at 6 (noting that federal removal statutes allow a defendant, but not a plaintiff, to remove a state-court case to federal court and Plaintiff in this case was the plaintiff in the state-court case). Plaintiff timely filed her Amended Complaint and response to the Order to Show Cause. *See* Amended Complain Show Cause Regarding

Complain and Order Show Cause why the Court should not dismiss Pursuant to 42 U.S.C. Section 1983 [sic], Doc. 8, filed March 24, 2026 ("Amended Complaint").

The undersigned dismissed Plaintiff's civil rights claims pursuant to 42 U.S.C. § 1983 for failure to state a claim because Plaintiff did not set forth allegations showing that Defendant was acting under color of state law, declined to exercise supplemental jurisdiction over Plaintiff's state law claims, dismissed the Amended Complaint, remanded *Robertson v. Robertson*, No. D-307-DV-2021-00043, to the Third Judicial District Court, County of Dona Ana, State of New Mexico, and dismissed this case without prejudice. *See* Order of Dismissal, Doc. 10, filed April 6, 2026.

Plaintiff now objects to and asks the Court to reconsider its Order dismissing this case and remanding the underlying case to state court. *See* Amended Motion of Reconsideration and Obje[c]tion to Reversal/Remand from Federal State [sic] to State Court Rule 59(e) Motion to Alter or Amend a Judgment, Doc. 15, filed April 14, 2026 ("Motion"). Plaintiff timely filed her Motion to alter or amend within eight days of entry of the Final Judgment, Doc. 11, filed April 6, 2026. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment")

> No matter how styled, a motion will be deemed a Rule 59(e) motion if it is served within the specified time period and seeks relief appropriate to Rule 59(e) by questioning the correctness of the underlying judgment. *Hannon v. Maschner*, 981 F.2d 1142, 1144 n.2 (10th Cir. 1992). Rule 59(e) relief is available in limited circumstances, including "(1) an intervening change in the controlling law, (2) [when] new evidence previously [was] unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

*Hayes Family Trust v. State Farm Fire & Casualty Co.*, 845 F.3d 997, 1004 (10th Cir. 2017).

Plaintiff asserts the Court erred in dismissing this case and remanding the state-court case because:

(i)     the state judicial "officers keep to maintain a case for a long period of time with claims that only a federal judge can take jurisdiction;"

2

(ii)     "Plaintiff is American and Have the Equal Rights of Any American to Be Equal with a jurisdiction Equal with a Trial in a Federal Court in The State of New Mexico Based in Amendment 1 of the Law of The Constitution of The United States and the Law of the State of New Mexico;" and

(iii)    The undersigned denied Plaintiff the right to a trial "with No Reason or Evidence."

[sic] Motion at 1-2, 5 (asking the Court to "Help the State Court with a Case that have [sic] Federal Claims").

The Court denies Plaintiff's Motion for reconsideration and overrules Plaintiff's Objection because Plaintiff has not cited any legal authority in support of her arguments that the Court incorrectly dismissed this case and remanded the state-court case.  *See* D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced").  The Court cannot search for legal authority supporting Plaintiff's arguments.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record").

**IT IS ORDERED** that Plaintiff's Amended Motion of Reconsideration and Obje[c]tion to Reversal/Remand from Federal State [sic] to State Court Rule 59(e) Motion to Alter or Amend a Judgment, Doc. 15, filed April 14, 2026, is **DENIED** and **OVERRULED.**

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.