IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BELINDA ROBERTSON,

   Plaintiff,

v.               No. 2:26-cv-00676-KG-KRS

CALE ROBERTSON,

   Defendant.

**ORDER DENYING SECOND MOTION TO RECONSIDER**

Plaintiff asserted claims for violations of her First and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 and claims pursuant to state law against her husband Defendant Cale Robertson.  *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed March 5, 2026 ("Complaint").  Plaintiff Belinda Robertson is also the *plaintiff* in a state-court case that she filed against her husband Defendant Cale Robertson.  Plaintiff removed the state-court case to this Court.  *See* Notice of Removal, Doc. 4, filed March 5, 2026.

United States Magistrate Judge Kevin R. Sweazea notified Plaintiff that the Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 because there are no allegations showing that Defendant Cale Robertson was acting under color of state law and ordered Plaintiff to file an amended complaint.  *See* Order to Show Cause, Doc. 6, filed March 9, 2026.  Judge Sweazea also notified Plaintiff that she improperly removed the state-court case and ordered Plaintiff to show cause why the Court should not remand *Robertson v. Robertson*, No. D-307-DV-2021-00043, to the Third Judicial District Court, County of Dona Ana, State of New Mexico.  *See* Order to Show Cause at 6 (noting that federal removal statutes allow a defendant, but not a plaintiff, to remove a state-court case to federal court and Plaintiff in this case was the plaintiff in the state-court case).

Plaintiff filed an Amended Complaint and response to the Order to Show Cause. *See* Amended Complain Show Cause Regarding Complain and Order Show Cause why the Court should not dismiss Pursuant to 42 U.S.C. Section 1983 [sic], Doc. 8, filed March 24, 2026 ("Amended Complaint").

The undersigned dismissed Plaintiff's civil rights claims pursuant to 42 U.S.C. § 1983 for failure to state a claim because Plaintiff did not set forth allegations showing that Defendant was acting under color of state law, declined to exercise supplemental jurisdiction over Plaintiff's state law claims, dismissed the Amended Complaint, remanded *Robertson v. Robertson*, No. D-307-DV-2021-00043, to the Third Judicial District Court, County of Dona Ana, State of New Mexico, and dismissed this case without prejudice. *See* Order of Dismissal, Doc. 10, filed April 6, 2026.

Plaintiff objected to and asked the Court to reconsider its Order dismissing this case and remanding the underlying case to state court. *See* Amended Motion of Reconsideration and Obje[c]tion to Reversal/Remand from Federal State [sic] to State Court Rule 59(e) Motion to Alter or Amend a Judgment, Doc. 15, filed April 14, 2026 ("Motion").

The Court denied Plaintiff's Motion for reconsideration and overruled Plaintiff's Objection because Plaintiff did not cite any legal authority in support of her arguments that the Court incorrectly dismissed this case and remanded the state-court case. *See* Order Denying Motion for Reconsideration, Doc. 17, filed April 17, 2026 (quoting D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced") and *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record")).

2

Plaintiff has filed a Second Motion to Reconsider which is now before the Court.  *See* Amend Motion Under the Rule 1-059 or Rule 5-614 for a Criminal Case "Manifest Injustice" Evidence of Voice of Judge recorded "Not Authority in Criminal Case" "Only Federal Judge Can Take Jurisdiction" Exhibith 1 and Exhibith 2 Notes From Hearing on December 11, 2025 Case No. D-307-DV-2021-00043. In a State Court, [sic] Doc. 18, filed April 23, 2026 ("Second Motion to Reconsider").

Plaintiff asserts Defendant "committed Domestic Terrorism" and states that a state-court judge, at a hearing on December 11, 2025, told Plaintiff that "only a Federal Judge can act" on a federal criminal case and that "I do not have authority for a criminal case that needs to take jurisdiction Federal Court." [sic] Second Motion to Reconsider at 2-3.  Plaintiff cites N.M.R.A. 1-059(e) (motion to alter, amend or reconsider a final judgment) and N.M.R.A. 5-614 (rule of criminal procedure regarding motion for new trial).

The Court denies Plaintiff's Second Motion to Reconsider for the following reasons.  First, "criminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed.Appx.414, 415-416 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").  Second, it is "inappropriate … to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 817 (1988) ("A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice").  Third,

3

Plaintiff has not cited any federal authority in support of her Second Motion to Reconsider; the two rules Plaintiff cites are State of New Mexico procedural rules which do not apply to proceedings in this Court.

**IT IS ORDERED** that Plaintiff's Second Motion to Reconsider, Doc. 18, filed April 23, 2026, is **DENIED.**

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.

4