IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BELINDA ROBERTSON,

        Plaintiff,

v.                                       No. 2:26-cv-00676-KG-KRS

CALE ROBERTSON,

        Defendant.

## ORDER DENYING MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff Belinda Robertson, who is proceeding *pro se*, asserted civil rights claims pursuant to 42 U.S.C. § 1983 and claims pursuant to state law against her husband, Defendant Cale Robertson. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed March 5, 2026. United States Magistrate Judge Kevin R. Sweazea notified Plaintiff that the Complaint failed to state claims pursuant to Section 1983 because there are no allegations showing that Defendant was acting under color of state law and ordered Plaintiff to file an amended complaint. *See* Order to Show Cause at 2-3, Doc. 6, filed March 9, 2026. The Court dismissed Plaintiff's Section 1983 claims because the Amended Complaint did not show that Defendant was acting under color of state law, declined to exercise supplemental jurisdiction over Plaintiff's state-law claims and dismissed the Amended Complaint. *See* Order of Dismissal at 1-3, Doc. 10, filed April 6, 2026.

Plaintiff also filed a Notice removing Case No. "D-307-DV-2021-00043" from the Third Judicial District Court, Dona Ana County, State of New Mexico. The Notice of Removal and state-court records indicate that Plaintiff in this case, Belinda Roberts, is the *plaintiff* in the state case. *See* Complaint at 9, 11, 22; Petition for Order of Protection from Domestic Abuse, filed January 26, 2021, in *Belinda Robertson v. Cale Robertson*, No. D-307-DV-2021-00043, Third Judicial District

Court, County of Dona Ana, State of New Mexico.  Judge Sweazea notified Plaintiff that the federal removal statutes do not allow plaintiffs to remove civil actions to federal court and ordered Plaintiff to show cause why the Court should not remand *Robertson v. Robertson*, No. D-307-DV-2021-00043, to the Third Judicial District Court, County of Dona Ana, State of New Mexico.  *See* Order to Show Cause at 6.  The Court remanded *Robertson v. Robertson*, No. D-307-DV-2021-00043, to the Third Judicial District Court, County of Dona Ana, State of New Mexico, because Plaintiff did not cite any legal authority allowing a plaintiff to remove a case from state court to federal court.  *See* Order of Dismissal at 4.

The Court, having dismissed Plaintiff's Amended Complaint and having remanded *Robertson v. Robertson*, No. D-307-DV-2021-00043 to the Third Judicial District Court, County of Dona Ana, State of New Mexico, dismissed this case without prejudice.  *See* Order of Dismissal at 4-5.

Plaintiff filed a Notice of Appeal, Doc. 20, filed May 4, 2026, and now seeks leave to appeal *in forma pauperis*.  *See* Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees, Doc. 21, filed May 4, 2026 ("Motion").

"In order to succeed on [a motion for leave to proceed on appeal without prepayment of costs or fees], an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."  *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).  "The Supreme Court has held that good faith is to be judged by an objective standard, for review of any issue 'not frivolous.'"  *Spearman v. Collins*, 500 Fed.Appx. 742, 743 (10th Cir. 2012) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit."  *Id.*; *see also Thompson v. Gibson*,

289 F.3d 1218, 1222 (10th Cir. 2002) ("an appeal is frivolous if it lacks an arguable basis in either law or fact").

Plaintiff has shown a financial inability to pay the required filing fees but has not set forth a nonfrivolous argument of error regarding the Court's dismissal of this case and remand of the state-court case. Plaintiff sets forth two arguments in her Notice of Appeal. *See also* Motion at 2 (Where the Tenth Circuit form "Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees" prompts appellants to state their issues on appeal, Plaintiff did not write any issues).

First, Plaintiff argues that:

[The Court stated] That Only Defendants Can Moved Case to Federal, but in this case Defendant Cale Robertson involves ideologically motivated violence, with current trends showing rising domestic extremism and "lone offender" attacks inspired by Foreign Groups. Threats include attacks on public spaces, critical infrastructure, and the use of weapons of mass Destruction in the State of New Mexico.

[sic] Notice of Appeal at 1.

Second, Plaintiff argues that:

The Honorable Judge Kenneth Gonzales, dismissed the case Without Prejudice in the United States District Court of New Mexico, Plaintiff Provide evidence that Judge of the Third Judicial District Recommended any Jurisdiction of this case only in Federal Court for criminal, "Domestic Violence" "Domestic Terrorism" in a Government Building for Defendant Cale Robertson and Judge Returned case that Plaintiff Moved to a Federal Jurisdiction to a State Jurisdiction when is a Federal Crime Against The Security Of The United States Of America In the State Of New Mexico for Defendant Cale Robertson.

[sic] Notice of Appeal at 2.

Neither argument has an arguable basis in law. The removal statutes do not provide for removal by plaintiffs. *See* 28 U.S.C. § 1441(a) ("any civil action brought in a State court ... may be removed by the defendant or the defendants"); *Robinson v. New Mexico*, Order and Judgment at 2, No. 18-2179 (10th Cir. June 28, 2019) ("[P]laintiffs are not entitled to remove cases to federal

court. *See Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643 (2d Cir. 1993) (per curiam) ('No section [of the United States Code] provides for removal by a plaintiff.'); *see also* 14C Charles Alan Wright, et al., *Federal Practice and Procedure* § 3730 (Rev. 4th. ed. 2018) (stating that 'plaintiffs cannot remove' cases to federal court)"). Private individuals cannot bring claims for enforcement of criminal laws. *See Kelly v. Rockefeller*, 69 Fed.Appx.414, 415-416 (10th Cir. 2003) ("criminal statutes do not provide for private civil causes of action"); *Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

The Court concludes that Plaintiff's request for leave to appeal *in forma pauperis* must be denied because Plaintiff has not identified "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben*, 937 F.2d at 505.

**IT IS ORDERED** that Plaintiff's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees, Doc. 21, filed May 4, 2026, is **DENIED.**

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.

4